Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Reynaldo Ortega Jiménez<br><br>Recurrido<br><br>vs.<br><br>Trailer Bridge, Inc.<br><br>Peticionario | KLCE202500538 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: GB2024CV00013<br><br>Sobre: Procedimiento Sumario Bajo La Ley Núm. 2, Despido Injustificado (Ley Núm. 80) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de mayo de 2025.

Comparece ante nos, Trailer Bridge, Inc. (Trailer Bridge o peticionario), quien presenta recurso de *Certiorari* solicitando la revocación de la "Resolución" emitida el 5 de mayo de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En lo pertinente, el foro primario declaró No Ha Lugar la "Moción de Sentencia Sumaria" presentada por el peticionario.

Tras evaluar el escrito del peticionario, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y resolvemos. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, denegamos el recurso presentado mediante los fundamentos que expondremos a continuación.

---

[1] Notificada ese mismo día.

Número Identificador

RES2025 _____

**I.**

El 8 de enero de 2024, el señor Reynaldo Ortega Jiménez (Sr. Ortega Jiménez o recurrido) presentó una "Querella" sobre despido injustificado contra Trailer Bridge, al amparo del proceso sumario de reclamaciones laborales, dispuesto en la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.* En síntesis, alegó ser empleado del peticionario por 23 años y que, al momento de su despido, ocupaba el puesto de "General Manager Puerto Rico Port". Arguyó que, el 5 de septiembre de 2023, el presidente de Trailer Bridge, el señor Mitch Luciano, y el jefe de seguridad, José Javier Méndez, se personaron en su oficina para informarle que habían recibido una queja en la que se le imputó colgarle el teléfono a un compañero de trabajo. Adujo que, por estos hechos, le requirieron firmar una amonestación escrita que contenía, como condición de empleo, la advertencia de que sería despedido por cualquier queja subsiguiente. Añadió que, al negar las imputaciones que se hacían en su contra, fue despedido de su empleo. Por entender que su despido es uno caprichoso e irrazonable, y sin disciplina previa, solicitó una compensación global de $218,586.14.

Por su parte, Trailer Bridge radicó su "Contestación a la Querella" el 22 de enero de 2024, y negó varias de las alegaciones en su contra. Aseveró que el despido estaba justificado.

Tras varias incidencias procesales, el 12 de febrero de 2025, el peticionario presentó una "Moción de Sentencia Sumaria" en la que, básicamente, argumentó que el Sr. Ortega Jiménez le faltó el respeto a un compañero al colgarle el teléfono, conducta contraria al manual de empleados. En base a las declaraciones del propio recurrido, sostuvo que el despido estaba justificado.

El 21 de febrero de 2025, el Sr. Ortega Jiménez instó su "Oposición a Moción de Sentencia Sumaria" y, en lo concerniente, indicó que existen hechos en controversia que requieren dirimir

credibilidad con el propósito de determinar si el despido estuvo o no justificado. Por tanto, expuso que el mecanismo de sentencia sumaria era improcedente.

Trailer Bridge presentó una "Réplica a Oposición a Moción de Sentencia Sumaria" el 10 de marzo de 2025. Hizo hincapié en que: (1) la oposición incumplió con la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3; (2) los hechos que el recurrente alega están en controversia, realmente, están incontrovertidos porque no se presentó prueba que los controvierta. Para sustentar el último punto, citó extractos de disposiciones y aludió a declaraciones juradas.

Evaluados los escritos presentados por ambas partes, el 5 de mayo de 2025,[2] el Tribunal de Primera Instancia emitió una "Resolución" declarando No Ha Lugar la "Moción de Sentencia Sumaria" presentada por Trailer Bridge. Determinó que, como la prueba presentada por el patrono para sustentar su solicitud de sentencia sumaria es de carácter testimonial, ésta debe aquilatarse mediante un juicio plenario. Por entender que es necesario dirimir credibilidad, razonó que es improcedente disponer del caso por la vía sumaria.

Inconforme con el dictamen, Trailer Bridge recurre ante este foro apelativo intermedio, y señala la comisión del siguiente error:

> *Erró el TPI al imponerle el peso de la prueba a TB a pesar de que el estado de derecho vigente le impone el peso de la prueba al empleado.*

**II.**

El recurso de *Certiorari* es el vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Si bien el auto de *Certiorari* es un mecanismo procesal extraordinario de carácter

---

[2] Notificada ese mismo día.

discrecional, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

### III.

A la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, no encontramos criterio alguno que nos mueva a expedir la petición presentada por el peticionario.

En el presente caso, Trailer Bridge sustenta sus argumentos mediante prueba testimonial. Ante esta realidad, el foro primario entendió necesaria la celebración de un juicio en su fondo con el propósito de evaluar credibilidad. Como se sabe, no es aconsejable dictar sentencia sumaria en pleitos donde existe controversia sobre

asuntos de credibilidad, o que envuelvan aspectos subjetivos tales como la intención, los propósitos mentales o la negligencia. *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024).

Nada en el legajo apelativo demuestra que el foro recurrido haya actuado con prejuicio, parcialidad, error manifiesto o abuso de su discreción, por lo que su dictamen nos merece deferencia. En consecuencia, denegamos la expedición del recurso debido a que no cumple con ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra.*

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte del dictamen, denegamos el recurso de *Certiorari* solicitado por Trailer Bridge, Inc.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones